## DÍAZ CANEJA *v*. MARXUACH.

### APPEAL from the district court of San Juan.

No. 59.—*Decided May 20, 1905.*

PUBLIC INSTRUMENT.—General power as well as special power to prosecute actions, and which must be presented at the trial, as also authority to administer property and any other power the object of which is an act drafted, or which should be drafted in a public instrument, or which may prejudice the interests of a third person, must be made to appear in a public instrument.

ID.—DOCUMENTS SIGNED BY ECCLESIASTICAL AUTHORITIES—SEPARATION OF THE CHURCH FROM THE STATE.—Public instruments are those which are executed or signed before a notary or any competent public official under the formalities required by law; and in this respect instruments signed by the Roman Catholic Apostolic Bishop of Porto Rico are not public instruments, inasmuch as this ecclesiastical authority does not perform any public official functions, and has not done so since the change of sovereignty which carried with it the separation of church and state.

ACKNOWLEDGMENT OF CAPACITY OF THE PLAINTIFF—DEPOSIT.—Where a defendant deposits with the clerk of the court a part of the amount demanded in the complaint, his action cannot be deemed to be a recognition of the legal capacity of the plaintiff, which had been previously attacked by way of demurrer alleging want of such capacity.

The facts are set forth in the opinion.

*Mr. Morera,* for appellant.

*Mr. Torres Monge,* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On September 14, 1904, Reverend Manuel Díaz Caneja, as general collector of charitable endowments, to which office he had been appointed by the Right Reverend Roman Catholic Apostolic Prelate of this Island, James H. Blenk, on December 31, 1900, brought an action in the District Court of San Juan against Dr. José Monserrate Marxuach to recover 980.55 *pesos,* Spanish money, or its equivalent in American gold, at the current market exchange the day of payment, this sum representing three amounts imposed as an annuity (*censo*) and rent charge on a house belonging to the said doctor, in favor of various religious institutions, plus the interest for the two previous years past due and unpaid, amounting to the sum of 98.04 *pesos* of the same currency. The defendant having entered an appearance in the proceedings through his counsel, Sandalio Torres Monge, he pleaded the dilatory exception of lack of legal capacity in the Reverend Caneja to sue, by reason of the fact that the power and authority granted him by the said bishop in his certificate of appointment as collector were not sufficient for the purpose of establishing his capacity to appear in court, as it was not embodied

in a public instrument, as required by section 1247 of the Civil Code in force, paragraph 5, for general powers of attorney for suits and the special powers of attorney which must be presented in suits and for the administration of property. He then went on to make answer to the complaint, contesting it on its merits, and stating, among other considerations which are not now pertinent, that as an evidence that he had never refused to pay what he legitimately owed he deposited with the secretary of the court $58.82, which was the amount which he really believed he owed as interest for the preceding two years on the three sums constituting the annuity (*censo*) which it was sought to recover for delivery to Father Caneja, or in the event of the latter refusing to accept it, the money was to be left subject to his order or that of any other person having the legal right to receive it. Counsel for the plaintiff contested the dilatory exception pleaded by counsel for Marxuach, and the hearing having been had with the attendance of counsel for the parties, the judge of the district court rendered judgment on October 20th of last year sustaining the exception, with the costs against the plaintiff. From this judgment counsel for the plaintiff, Manuel Díaz Caneja, took an appeal to this Supreme Court; and the parties having entered an appearance and the appeal having been duly perfected and the respective briefs filed, a day was set for the hearing, which was attended only by counsel for appellant.

Now then, in order to decide the question, the subject-matter of this appeal, it becomes necessary to examine the certificate of the appointment of Father Caneja as collector, issued to him by the Right Reverend Bishop Blenk. This appointment reads as follows:

"Appointment as Collector.—Bishopric of Porto Rico.—In view of your qualifications, and a general collectorship of charitable endowments having been established, we hereby appoint you to the office of collector and administrator general thereof, in order that making use

of the power vested in us, you may proceed to collect, administer and examine all annuities (*censos*) pertaining to religious foundations of all kinds whether vacant or awarded to priests, hermitages or parishes, to the illustrious cathedral chapter, to the reverend Carmelite Nuns, to the Seminary of San Ildefonso, to the charity hospitals of this diocese, and, finally, to the various confraternities which are situated in this capital, empowering you to have recourse to the courts of justice, and also to execute the necessary powers of attorney in favor of the various agents in the Island and persons in whom you may have confidence to represent you before said courts, doing in person, or through your attorneys in fact, all that may be necessary to secure the transfer of said annuities (*censos*) from the old to the new books of the registry of property, as also to receive the notarial instruments or acts which may be necessary, rendering an account to us each year of such administration, this document to serve as your appointment as such collector and administrator.—San Juan, Porto Rico, December 31, 1900.—James H. Blenk, Bishop of Porto Rico.—Reverend Dr. Manuel Díaz Caneja.—Seal.''

It is evident from the literal part of this document that it contains a power conferred by the said bishop on Reverend Díaz Caneja, not only for the collection, administration and examination of all the annuities (*censos*) pertaining to religious foundations of all kinds, but also to have recourse to the courts of justice and to execute the powers of attorney necessary to the various agents in the Island and persons worthy of his confidence, to represent him in said courts; and this being the case, it is evident that this document is included under paragraph 5 of section 1247 of the Civil Code in force, according to which general powers for lawsuits and the special ones to be presented in suits, the power to administer property and any other document the result of an act drafted or to be drafted in a public instrument, or which may prejudice a third person, must appear in a public instrument. By public instruments are understood, as defined by section 1184 of said Civil Code, those authenticated by a notary or by a competent public official, with the formalities required by law; and as the Right Reverend Apostolic Roman Catholic

Bishop of Porto Rico has no right to perform public official functions since the change of sovereignty, which brought with it the separation of church and state, it must be agreed that the document in question, that is to say, the title of collector of Father Caneja, is not a public instrument in the legal acceptation of the word, and consequently does not authorize Father Caneja to appear in the suit in his capacity of general collector of charitable endowments. On the other hand it cannot be claimed that the deposit made by Dr. Marxuach in favor of Father Caneja of the amount of the interest due ʻfor the two preceding years which it is sought to recover, implies an act of acknowledgment of the capacity of Father Caneja, because no other explanation for this act can be given than that set forth in the answer to the complaint, namely, to show that he had never refused to pay what he really owed, but in no wise as an acceptance of the capacity of Father Caneja, whom he had just opposed so decidedly in the same document. A contrary construction would be absolutely destitute of logic.

For the reasons stated the undersigned judge is of the opinion that the judgment appealed from should be affirmed, with costs.

Justices Hernández, Figueras, MacLeary and Wolf concurred.